IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE L. MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-513-PJC |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration,[1] ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

NOW before this Court is Plaintiff's Motion to Remand filed May 16, 2013. (Dkt. #17). For the reasons discussed below, Plaintiff's Motion is hereby **GRANTED**.

Plaintiff, George L. Maxwell ("Maxwell"), filed his Complaint on September 13, 2012, requesting judicial review of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for disability benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. (Dkt. #2). In accordance with 28 U.S.C. § 636(c)(1) and (3), the parties have consented to proceed before a United States Magistrate Judge. Any appeal of this order will be directly to the Tenth Circuit Court of Appeals.

**Procedural History**

On September 30, 2008, Maxwell filed applications for Title II disability insurance benefits and Title XVI supplemental security income benefits, under the Social Security Act, 42

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), Carolyn W. Colvin, the current Acting Commissioner of the Social Security Administration, is substituted for Michael J. Astrue as Defendant in this action. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

1

U.S.C §§ 401 *et seq*. (R. 14). Maxwell initially alleged the onset of his disability began September 1, 2001. *Id*. Maxwell's applications for benefits were denied initially and upon reconsideration. *Id*. A hearing before Administrative Law Judge ("ALJ") Gene Kelly was held on November 2, 2010 in Tulsa, Oklahoma. *Id*. At that hearing, Maxwell amended his alleged onset date to February 3, 2006. *Id*. A supplemental hearing was held on June 28, 2011, and a third hearing was held on September 20, 2011. (R. 14, 391-422). By decision dated September 23, 2011, the ALJ found that Maxwell was not disabled. (R. 14-23). On July 17, 2012, the Appeals Council denied review of the ALJ's findings. (R. 5-7). Thus, the decision of the ALJ represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.

In accordance with this Court's Scheduling Order (Dkt. # 7), the Commissioner filed the Administrative Transcript on February 12, 2013, containing the record before the Social Security Administration and listing all of the exhibits that had been before the ALJ. (Dkt. # 14). The transcript, however, did not include the November 2, 2010 hearing testimony, and it is on this basis that Maxwell asks this Court to remand under Sentence Four of 42 U.S.C. § 405(g).

## Discussion

Maxwell filed his Motion to Remand on May 16, 2013. Defendant's Response thereto was due on or about June 6, 2013. Although Maxwell's Motion indicated Defendant objected to the Motion, no Response was timely filed.[2] Therefore, Maxwell's Motion is deemed confessed. LCvR7.2(e).

---

[2] Counsel for Defendant is strongly admonished that if there is an objection to a motion, such objection and the legal basis for it should be properly set forth in a Response. Otherwise, the objection should be withdrawn.

Judicial review of the Commissioner's determination denying benefits is limited in scope by 42 U.S.C. § 405(g).  This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied.  *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotation omitted).  Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion.  *Id.*  The court's review is based on the record taken as a whole, and the court will "meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking 'into account whatever in the record fairly detracts from its weight.'"  *Id.* (*quoting Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)).  The court "may neither reweigh the evidence nor substitute" its discretion for that of the Commissioner.  *Hamlin,* 365 F.3d at 1214 (quotation omitted).

As explained by the Tenth Circuit, "[b]ecause this area of law is fact-specific and our standard of review is deferential to the Secretary, ***the complete administrative record is required*** whether appellant argues that the findings are not supported by substantial evidence or that incorrect legal standards were applied."  *Goatcher v. U.S. Dept. of Health & Human Servs.*, 52 F.3d 288, (10th Cir. 2009) (emphasis added).  And although there is no *per se* due process violation simply because the record is incomplete, the court does have authority to remand a case for further consideration if it cannot exercise meaningful or informed judicial review from the incomplete record. *Brewer v. Astrue,* 2012 WL 896238, *3 (N.D. Okla. March 15, 2012) (*citing Edwards v. Astrue*, 2010 WL 2787847, *4 (D. Kan. June 30, 2010)).  Remand, however, is not warranted if the missing information is immaterial to or not relied upon in the ALJ's decision. *Brewer,* 2012 WL 896238 at *3 (*citing Hill v. Astrue*, 526 F.Supp.2d 1223, 1229 (D.Kan. 2007).

"The touchstone is whether the administrative record that does exist permits meaningful judicial review." *Brady v. Apfel*, 41 F.Supp.2d 659, 668 (E.D.Tex.1999) (*citing Harrison v. PPG Industries, Inc.*, 446 U.S. 578, 594 (1980)).

From even a cursory review of the ALJ's decision, it is abundantly clear that the hearing testimony from November 2, 2010 was material to and relied upon by the ALJ in rendering his decision. (E.g. R. 14, 17-18, 22-23). The ALJ cited to not only Maxwell's own testimony, but the testimony of a vocational expert as well. *Id*. The omission of this evidentiary support precludes meaningful judicial review. Remand is thus appropriate because the ALJ's findings were derived from evidence not included in the record before the Court. Brewer, 2012 WL 896238 at *4 (*citing Hill v. Astrue*, 526 F.Supp.2d 1223, 1229 (D. Kan. 2007), *Burton v. Barnhart*, 2006 WL 4045937 (D. Kan. 2006)).

## Conclusion

Based upon the foregoing, the Court **REVERSES AND REMANDS** the decision of the Commissioner denying disability benefits to Claimant for further proceedings consistent with this Order.

Dated this 13th day of June, 2013.

_____
Paul J. Cleary
United States Magistrate Judge