IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| GEORGE L. MAXWELL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 12-CV-513-PJC |
| ) | |
| CAROLYN W. COLVIN, Acting Commissioner ) | |
| of the Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**OPINION AND ORDER**

NOW before this Court is Defendant's Unopposed Motion for Relief from Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. (Dkt. #20). For the reasons discussed below, Defendant's Motion is hereby **GRANTED**.

Plaintiff, George L. Maxwell ("Maxwell"), filed his Complaint on September 13, 2012, requesting judicial review of the decision of the Commissioner of the Social Security Administration denying his applications for disability benefits under the Social Security Act, 42 U.S.C. § 401 *et seq*. (Dkt. #2). Plaintiff's subsequent Motion to Remand was deemed confessed by this Court when Defendant failed to file a timely response and the case was reversed and remanded on June 13, 2013. (Dkt. #18). Accordingly, the Court entered Judgment in favor of Plaintiff. (Dkt. #19). The matter is currently before the Court on Defendant's Motion for Relief from that Judgment pursuant to Rule 60(b).[1]

---

[1] It may have been more appropriate for Defendant to seek relief pursuant to Rule 59(e). *See* Fed. R. Civ. P. 59(e) (allowing a motion to alter or amend a judgment within 28 days of the entry of judgment); *Weitz v. Lovelace Health Sys., Inc.*, 214 F.3d 1175, 1181 (10th Cir. 2000) (if motion filed outside of the 28 day time-frame, it should be treated as a motion pursuant to Rule 60(b)).

1

Whether to grant relief pursuant to Rule 60(b) rests within the trial court's discretion. *Beugler v. Burlington N. & Santa Fe Ry. Co.*, 490 F.3d 1224, 1229 (10th Cir. 2007). Rule 60(b) relief "is extraordinary and may only be granted in exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (quotation and citation omitted). It is the movant's burden to plead and prove grounds for relief. *Pelican Prod. Corp. v. Marino*, 893 F.3d 1143, 1146 (10th Cir. 1990). Exceptional circumstances may be shown "by satisfying one or more of Rule 60(b)'s six grounds for relief. . . ." *Van Skiver v. U.S.* 952 F.2d 1241, 1243-44 10th Cir. 1991). In the case at hand, Defendant argues relief should be provided based upon excusable neglect in not timely filing a response to Plaintiff's Motion to Remand. Defendant's Motion, Dkt. #20.

For purposes of Rule 60(b)(1), "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. v. Brunswick Assocs. Ltd. Partnership,* 507 U.S. 380, 394 (1993). In making a determination of whether the neglect is "excusable," the Court should be guided by equitable considerations, including the relevant circumstances pertaining to the party's alleged neglect, including the danger of prejudice, the length of the delay and its potential impact on further proceedings, and the reason for the delay. *Id*. at 395.

Defendant asserts that because Plaintiff's Motion to Remand was filed on the day that Plaintiff's Opening Brief was due, Defendant was under the mistaken impression that the deadline for responding to the Opening Brief governed its response to Plaintiff's Motion to Remand as well. Defendant's Motion, Dkt. #20, pp. 3-4. Maxwell does not oppose Defendant's motion, and there does not appear to be a danger of prejudice if the motion is granted. It also

does not appear that this proceeding will be adversely impacted by granting Defendant's motion and amending filing deadlines.  The Court does not find that counsel for Defendant acted in bad faith, rather it was an act of negligence.  In considering the factors set forth in *Pioneer*, the Court finds that the error of counsel constitutes excusable neglect and Defendant's motion to set aside judgment should be granted.  Although the Court, in its discretion, has granted Defendant's motion, this order should not be construed as condonation of counsel's negligent conduct.[2]

**IT IS THEREFORE ORDERED** that Defendant's Motion for Relief from Judgment Pursuant to Rule 60(b) (Dkt. #20) is **GRANTED** and that the Court's Opinion and Order (Dkt. #18) and Judgment (Dkt. #19) shall be set aside.  An Amended Scheduling Order will be entered separately.

Dated this 17th day of July, 2013.

Paul J. Cleary
United States Magistrate Judge

---

[2] Ironically, the basis for Maxwell's Motion to Remand was also Defendant and/or counsel's negligence in failing to file the full administrative transcript. (Dkt. #17).  Further negligence will not be so tolerated by the court.

3